SUMMARY ORDER
Petitioner-Appellant Ricardo Guzman appeals from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, Judge) denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. See Guzman v. Greene, 425 F.Supp.2d 298 (E.D.N.Y.2006). We assume the parties’ and counsel’s familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
We doubt that Guzman’s objections at trial were specific enough to preserve the particular sufficiency challenge that he raises here. See People v. Hawkins, 11 N.Y.3d 484, 492, 872 N.Y.S.2d 395, 900 N.E.2d 946 (2008) (“To preserve for ... review a challenge to the legal sufficiency of a conviction, a defendant must move for a trial order of dismissal, and the argument must be ‘specifically directed’ at the error being urged.... [Gjeneral motions simply do not create questions of law for ... review.” (citations omitted)). But assuming arguendo that the issue is preserved, we conclude that under New York state law as it existed at the time that Guzman’s judgment became final, the evidence in the record was sufficient to sustain Guzman’s conviction for depraved indifference murder.
Based on the evidence established at trial, a rational trier of fact could have found that Guzman and others went to a public park in Brooklyn early on a summer evening to attack someone chosen at random. Guzman did not go to the park armed, but was passed a knife during the course of the melee which he then used to stab the decedent. Guzman’s conduct endangered many others, including the decedent’s girlfriend, who intervened in the fight, and others who came to the decedent’s aid or otherwise attempted to apprehend Guzman and the other attackers. Under the totality of the circumstances, a rational trier of fact could have concluded that Guzman’s conduct was random and anti-social, and evinced precisely the kind of depraved indifference to human life that New York law criminalizes. See N.Y. Penal Law § 125.25[2] (“Under cireum *29 stances evincing a depraved indifference to human life, [the defendant] recklessly engages in conduct which creates a grave risk of death to another person, ....”); see also People v. Roe, 74 N.Y.2d 20, 23, 544 N.Y.S.2d 297, 542 N.E.2d 610 (1989) (the defendant fired at point-blank range without knowing whether the bullet was a ‘live’ or ‘dummy’ round).
We note, finally, that People v. Feingold, 7 N.Y.3d 288, 819 N.Y.S.2d 691, 852 N.E.2d 1163 (2006), which overruled People v. Register, 60 N.Y.2d 270, 469 N.Y.S.2d 599, 457 N.E.2d 704 (1983) and People v. Sanchez, 98 N.Y.2d 373, 748 N.Y.S.2d 312, 777 N.E.2d 204 (2002), was decided after Guzman’s conviction became final. We therefore need not discuss how, if at all, this case would have been affected if Feingold had been decided earlier.
For the foregoing reasons, the judgment is hereby AFFIRMED.